FILED
99 DEC -7 AM 9:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THOMAS E. WATKINS, and
BETTY WATKINS,

    Plaintiffs,

vs.                          CASE NO. CV-99-J-2687-S

MONACO COACH CORPORATION,
d/b/a HOLIDAY RAMBLER,

    Defendant.

ENTERED
DEC 7 1999

## MEMORANDUM OPINION

Coming on to be heard at the court's motion docket of December 2, 1999 were the defendant's motion to dismiss plaintiffs' Magnuson Moss Warranty Act class claims (doc. 4) and the plaintiffs' motion to amend their complaint (doc. 7). The parties were given an opportunity to file responses to the opposing motions. The parties were present by and through their attorneys of record at said motion docket and the court heard oral argument on the pending motions.

### Procedural History

The plaintiff filed this action alleging that the recreational vehicle (RV) they purchased, which was manufactured by the defendant, has less than the advertised storage tank capacity. Plaintiff's complaint at ¶¶ 8 - 12. The parties seem to agree that the RV can not support the weight or size of the storage tanks the plaintiffs allege the brochure and

11

marketing information provided by the defendant claimed. *Id.* at ¶¶ 15-16. The plaintiffs filed this litigation as a class action in federal court alleging state law breach of contract (Count 1); state law fraud (Count 2); breach of express warranty under the Magnuson Moss Act (Count 3); and breach of warranty of merchantability and warranty of fitness for a particular purpose under the Magnuson Moss Act (Count 4).

The defendant filed a motion to dismiss the Magnuson Moss Warranty Act class claims (doc. 4) on the basis that the plaintiffs' pleadings did not meet the jurisdictional requirements specified by Congress. The plaintiff then filed a motion to amend the complaint (doc. 7) in an attempt to cure the jurisdictional defects. Both parties also filed responses to the opposing motions (docs. 9 and 10).

### Jurisdiction Under the Magnuson Moss Act

Under 15 U.S.C. § 2310 (d) of the Magnuson Moss Act ("the Act") subject matter jurisdiction for federal courts is limited as follows:

> (1) Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief –
>
> > (A) in any court of competent jurisdiction in any State or the District of Columbia; or
> >
> > (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.
>
> ....

(3) No claim shall be cognizable in a suit brought under paragraph (1) (B) of this subsection –

>(A) if the amount in controversy of any individual claim is less than the sum or value of $25;

>(B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit; or

>(C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

The defendant based its motion to dismiss the class claims on 15 U.S.C. § 2310(d)(3)(C). While plaintiffs alleged that the action was filed on behalf of a class, they failed to name any plaintiffs other than themselves in the complaint.

The purpose of the "one hundred named plaintiffs" was designed to place jurisdiction for the majority of these cases in state court. *Walsh v. Ford Motor* Co., 588 F.Supp. 1513, 1520 (D.D.C.1984). This court finds from a review of applicable case law that one hundred plaintiffs must actually be named in the complaint. *See e.g. Gardynski-Leshuck v. Ford Motor Co.*, 142 F.3d 955, 956 (7th Cir.1998); *Walsh v. Ford*, 945 F.2d 1188, 1189, fn. 2 (D.C. Cir.1991); *Carlson et al. v. General Motors Corp.*, 883 F.2d 287, 289, fn. 3 (4th Cir.1989) ("A trial court may certify a Magnuson Moss class action only if there are, at the time of certification, at least 100 named plaintiffs left in the case ..."); *Barr v. General Motors Corp.*, 80 F.R.D. 136, 139 (S.D.Ohio 1978) (where court stated that "the plaintiff's assertion that 'the number of members in the plaintiff's class is greater than one hundred persons' ... does

not satisfy the jurisdictional requirement of § 2310(d)(3)(C). Nor do the further statements that 'on information and belief, the class exceeds several thousand persons' .... meet the requirement that one hundred plaintiffs be named").

## The Motion to Amend

In response to the defendant's well-taken motion, the plaintiffs' moved to amend their complaint. In the proposed amendment, the plaintiffs' changed the caption of the case to state that they are representing themselves and "a class of persons similarly situated, a list of which, identified by name and address, are attached hereto as Exhibit 'A'". The proposed amended complaint also refers to a class comprised of those persons listed in Exhibit "A".

This court has reviewed Exhibit "A" and finds it to be an seventy-nine (79) page listing of names and addresses. Nowhere does this document identify who these individuals are, whether they purchased a product manufactured by the defendant or anything else which would enable this court to find them potential class members. While this court recognizes that under Rule 15(a), Federal Rules of Civil Procedure motions for leave to amend "shall be freely allowed when justice so requires," no benefit to the plaintiffs would result from allowing this amendment because it does not cure the jurisdictional shortcomings of the original complaint. The allegations that thousands of potential class members exist do not satisfy the Act requirements of one hundred actual, named plaintiffs. *See Barr*, 80 F.R.D. at 139.

The proposed amendment adds a new Count 1, which sets forth class allegations and includes "all persons in the United States, either natural or corporate, who have purchased or owned a Holiday Rambler Vacation Gas Motor Home or any Recreational Vehicle manufactured, marketed, and sold by Defendant Holiday rambler within the statutory period." Proposed amended complaint at ¶ 22. No allegation of similar, or even any, damage is stated by the plaintiffs.[1] Furthermore, the plaintiffs' proposed class includes purchasers of other model RV's, for which no allegation of any shortcoming is before this court. For purposes of the Magnuson Moss class action claims, the court finds these allegations to be insufficient to show that each of one hundred named plaintiffs have an assertable claim. *See Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238, 246 (2nd Cir.1986) ("However the complaint must allege sufficient facts about each plaintiff to establish that they are members of the proposed class. There is, therefore, no serious danger that plaintiffs can be culled at random from telephone books").

The plaintiffs' attorney represented in open court that the listing was not solely of individuals who purchased the same model RV as plaintiffs. Furthermore, no representation was made by the plaintiffs' attorney that he had any authority to represent any of the individuals whose names he submitted to this court. The court finds that submission of a

---

[1] The court finds likely the possibility that individuals with no damages, individuals who are perfectly pleased with their RV's, individuals who knew at purchase that the storage tank capacity of their RV's were slightly smaller than that stated in advertising literature, and individuals with different model RV's are all included within the plaintiffs' proposed class.

5

telephone book type listing of potential plaintiffs is insufficient to meet the very specific "named plaintiff" requirement of the Magnuson Moss Act. *See* 15 U.S.C. § 2310(d); *Walsh v. Ford Motor Company*, 588 F.Supp. at 1521 (stating that "at least 100 named plaintiffs must allege facts in the complaint sufficient to demonstrate an individual cause of action").

## Conclusion

Having considered all of the foregoing, this court finds that even if the court allowed the amended complaint, the same is insufficient to cure the jurisdictional defect raised by the defendant in its motion to dismiss the class claims. In consideration thereof, this court is of the opinion that said motion to dismiss to dismiss plaintiffs' Magnuson Moss Warranty Act class claims is due to be granted, and the same shall be done by separate order.

The court further finds that the plaintiffs' motion to amend the complaint is due to be denied, and the same shall be done by separate order.

**DONE** and **ORDERED** this the 6th day of December, 1999.

UNITED STATES DISTRICT JUDGE
INGE P. JOHNSON